UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| Case No. | 2:25-cv-06862-AH-(RAOx) | Date | November 3, 2025 |
|---|---|---|---|
| Title | *Justin Sousa v. General Motors, LLC* | | |

Present: The Honorable  Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (DKT. NO. 14) [JS-6]

Before the Court is Plaintiff Justin Sousa's ("Plaintiff") Motion to Remand. Mot., Dkt. No. 14. Defendant General Motors, LLC ("Defendant") opposes. Opp'n, Dkt. No. 18. Plaintiff filed a Reply. Reply, Dkt. No. 19. The Court deems the Motion appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. For the reasons set forth below, the Court GRANTS Plaintiff's Motion.

I.   **BACKGROUND**

On or around July 31, 2019, Plaintiff purchased a motor vehicle (the "Vehicle"). Compl. ¶ 9, Dkt. No. 1-1. In connection with the purchase, Plaintiff received various warranties. *Id.* ¶ 11. During Plaintiff's ownership of the Vehicle, the Vehicle manifested defects covered by the express warranties, including engine defects. *Id.* ¶ 12. Plaintiff delivered the Vehicle to Defendant and/or its authorized service and repair facilities for diagnosis and repair of the defects, but Plaintiff alleges that Defendant failed to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of opportunities to do so. *Id.* ¶¶ 13–14.

Based on the above allegations, Plaintiff alleges violations of the Song-Beverly Consumer Warranty Act ("SBA"), California Civil Code §§ 1791.1, 1793.2, and 1794, and violations of the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301–2312. *Id.* ¶¶ 8–44. Plaintiff commenced this action in Los Angeles County Superior Court on March 13, 2025. Compl., Dkt. No. 1-1. Defendant filed an answer on April 17, 2025.

On June 16, 2025, Plaintiff "produced a copy of the Subject Vehicle's Sales Agreement," which "identifies a total sales price of $52,391.12". Declaration of Michelle Yang ¶ 7, Dkt. No. 14-1. Plaintiff also produced as part of his initial disclosures "repair orders," but Plaintiff did not produce financing payment history documentation or certify that the initial disclosures were complete until July 27, 2025. Declaration of Kristine Avena ¶¶ 3, 5, Dkt. No. 18-1.

On July 27, 2025, Defendants removed this action on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Notice of Removal ("NOR"), Dkt. No. 1. Plaintiff filed the Motion on August 15, 2025.

## II.  LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, excluding interest and costs. *Id.* §§ 1331, 1332(a).

Under 28 U.S.C. § 1446(b)(1), a defendant must file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." This 30-day time period "starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face the facts necessary for federal court jurisdiction." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 690–91 (9th Cir. 2005) (citation and internal quotation marks omitted). Notice "of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Id.* at 694;

*accord Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1141 (9th Cir. 2013).

However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). "While § 1446(b)(1) requires only a pleading that 'set[s] forth' a ground for removal to start the removal clock under the first pathway, § 1446(b)(3)'s second pathway requires an amended pleading, motion, order, or other paper from which a ground for removal may be 'ascertained.'" *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1093 (9th Cir. 2021). The "removal clock [under § 1446(b)(3)] does not start until a paper makes a ground for removal 'unequivocally clear and certain.'" *Id.* at 1091. "[E]ven if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013). Though "defendants need not make extrapolations or engage in guesswork," they are still required "to apply a reasonable amount of intelligence in ascertaining removability," such as by "[m]ultiplying figures clearly stated in a complaint." *Kuxhausen*, 707 F.3d at 1140 (quoting *Whitaker v. Am. Telecasting, Inc.,* 261 F.3d 196, 206 (2d Cir. 2001)).

Although the time limit is procedural rather than jurisdictional, it "is mandatory and a timely objection to a late petition will defeat removal." *Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014) (quoting *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980)).

## III.  DISCUSSION

Plaintiff first argues that Defendant's Notice of Removal is untimely because removability was clear from the face of the Complaint. *See* Mot. at 4–7. In the alternative, Plaintiff argues that removability was clear when he served Defendant with the Vehicle's Sales Agreement and repair orders on June 16, 2025. *Id.* at 2. Defendant maintains neither event triggered the deadline for removal and instead contends that removal was timely after its own investigation[1] and

---

[1] Defendant does not explain what documents formed the basis of its own investigation in order to ascertain removability.

Plaintiff's additional disclosures revealed a non-speculative basis for seeking removal. *See generally* Opp'n.

### A. The Complaint

Plaintiff argues Defendant's Notice of Removal was untimely pursuant to § 1446(b)(1) because the Complaint alleges a violation of the MMWA, and therefore the action arises under federal law. Mot. at 5. Plaintiff also claims diversity jurisdiction, 28 U.S.C. § 1332, was ascertainable from the face of the Complaint. *Id.* at 5–7. Defendant counters that the Complaint's allegations as to Plaintiff's citizenship and the amount in controversy were indeterminate. Opp'n at 11–14.

The MMWA provides that "[n]o claim [under 15 U.S.C. § 2310(d)(1)(B)] shall be cognizable . . . if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit." 15 U.S.C. § 2310(d)(3). Plaintiff is therefore incorrect that the mere pleading of a claim under the MMWA "is grounds, alone, to grant Plaintiff's Motion." Mot. at 5; *see Shoner v. Carrier Corp.*, 30 F.4th 1144, 1147 (9th Cir. 2022) ("Although the MMWA is a federal statute, federal courts do not have jurisdiction over an MMWA claim if the amount in controversy is less than $50,000.").

Moreover, here, there were no "figures clearly stated in the complaint" that Defendant could have used to determine the amount in controversy. *Kuxhausen*, 707 F.3d at 1140.[2] Numerous courts have rejected Plaintiff's argument that the caption page and Civil Case Cover Sheet to the Complaint invoking the state court's unlimited jurisdiction over $35,000 is sufficient to show the amount in controversy is met. *See, e.g.*, *Lopez v. Gen. Motors, LLC*, 2025 WL 2629545, *2 (C.D. Cal. Sept. 11, 2025) (collecting cases). The Civil Case Cover Sheet only

---

[2] Defendant argues that there is uncertainty in how district courts calculate the amount in controversy under MMWA and argues that here, Plaintiff pleads different damages for his SBA claims from his sole claim under the MMWA. Opp'n at 11–13. Plaintiff does not address the calculation of the amount in controversy for the MMWA claim. Some courts look to civil damages authorized by the SBA to determine the measure and type of damages under the MMWA. *See, e.g.*, *Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1239–40 (C.D. Cal. Nov. 7, 2005).

indicates that the "amount demanded exceeds $35,000." Dkt. No. 1-1 at 4.[3] There is no indication in the Complaint or the Civil Case Cover Sheet that this amount constitutes actual damages (for which Plaintiff could be entitled to civil penalties and/or attorney's fees), as opposed to the total amount of damages at issue in the case.

Plaintiff's only other argument is that Defendant had "sophisticated knowledge of the motor vehicle industry" and the ability to investigate the value of the Vehicle given the make, model, year, and VIN included in the Complaint. Mot. at 6. Plaintiff argues that this information, coupled with the relief sought in the Complaint, such as civil penalties and attorney's fees, made it possible for Defendant to plausibly allege the amount in controversy. *Id*. at 6–7. However, there were no relevant figures alleged in the Complaint, such that Defendant could have determined the actual damages based on the initial pleading. As set forth above, although Defendant may have been able to conduct its own independent investigation into Plaintiff's actual damages, Defendant was not required to do so.

### B. The Disclosures

Even if the amount in controversy was not ascertainable from the Complaint,[4] Plaintiff argues that his June 16, 2025, disclosures provided sufficient information to require Defendant to have removed within 30 days under § 1446(b)(3). Mot. at 7. Defendant did not file its Notice of Removal until July 27, 2025, and therefore was untimely.

The SBA provides a variety of remedies including actual damages, a civil penalty "not [to] exceed two times the amount of actual damages," and attorney's fees. Cal. Civ. Code § 1794(a)–(d). Actual damages are measured by the "amount equal to the purchase price paid or payable by the buyer," "less that amount directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, or its authorized service and repair facility for correction of the problem that gave rise to the nonconformity." *Id*. §

---

[3] The Court references the ECF page number for the exhibit.
[4] Defendant argues that the Complaint was indeterminate as to Plaintiff's citizenship, but does not explain why the June 16, 2025, disclosures were. Opp'n at 15–16. Because Defendant does not address the issue of whether the disclosures provided sufficient information regarding Plaintiff's citizenship to require Defendant to have removed, the Court does not reach that question here.

1793.2(d)(2). "The Ninth Circuit has explained that 'consideration of the [u]se [o]ffset [is] appropriate' in determining the amount in controversy because 'an estimate of the amount in controversy must be reduced if a specific rule of law of damages limits the amount of damages recoverable.'" *Covarrubias v. Ford Motor Co.*, 2025 WL 907544, at *2 (C.D. Cal. Mar. 24, 2025) (alterations in original) (quoting *Schneider v. Ford Motor Co.*, 756 F. App'x 699, 701 n.3 (9th Cir. 2018)). In addition, amendments to the SBA that took effect January 1, 2025, provide for other statutory offsets based on third-party supplied equipment and services, negative equity, manufacturer's rebate, and unpaid interest or financing costs. Cal. Civ. Code § 871.27(b)–(d), (f).

Defendant raises two arguments. First, Defendant argues that actual damages could not be calculated with precision based on the June 16, 2025, disclosures because the mileage offset could not be confirmed until July 27, 2025, when Plaintiff certified that his initial disclosures were complete, and because the unpaid financing charges could not be determined until receipt of the loan payment history documents on that same date. Opp'n at 18–19. Second, Defendant argues that if actual damages could not be precisely calculated, then civil penalties could not be calculated. [5]

As to actual damages, Plaintiff provided repair orders on June 16 and, in the accompanying initial disclosures, Plaintiff indicated that he was unaware of any presentations not included in the provided repair orders. *See* Avena Decl., Dkt. No. 18-3, Ex. B. As to unpaid financing costs, Defendant only argues that an additional offset may have been available.

Defendant's Notice of Removal here estimated Plaintiff's actual damages at $46,258.84 based on "the purchase price of the subject vehicle less mileage deduction, rebate, and any negative equity."[6] NOR at 5, Dkt. No. 1. Defendant explained that the timing of the Notice of Removal was due to Defendant needing to "assess and deduct the mileage offset," and

---

[5] Defendant does not argue that the Complaint was indeterminate as to the maximum amount of civil penalties in controversy.

[6] Defendant does not set forth how the $46,258.84 amount was calculated. Additionally, the Opposition references a $30,502.92 figure, but it is unclear how this number is reached, given the Opposition's citation to the Notice of Removal. Opp'n at 18.

> analyze the sales contract to consider line items that are included in the total sales price that reflect required offsets provided for in AB1755, including: negative equity (*id.*, § 871.27(c)) manufacturer's rebate (*id.*, § 871.27(d)), and any third party sold optional equipment, service contract or other items set out in § 871.27(a).

*Id*. at 10.

Because the amount of actual damages was calculated at $46,258.84, Defendant necessarily needed to rely on civil penalties and/or attorney's fees to establish the amount in controversy. The low amount of the finance charge at issue here, which is reflected in the Vehicle's Sales Agreement, would mean that Defendant still needed to rely on civil penalties and/or attorney's fees in order to meet the amount in controversy threshold, regardless of whether any amount of the finance charge was added to the actual damages calculation.[7]

As to civil penalties, while the Court generally agrees that if the amount of actual damages is speculative, then the civil penalties calculation is also speculative, here, Defendant appears to argue that the amount of actual damages needed to be calculated to the precise dollar in order to even attempt to calculate the civil penalties. Opp'n at 18. Notably, Defendant's position is that "once actual damages are calculated, the maximum resulting civil penalties should be included in the AIC for Song-Beverly damages[.]" *Id.* at 19. In *Dietrich*, the Ninth Circuit discussed at what point the "ground for removal" is "first . . . ascertained from an amended pleading, motion, order, or other paper." 14 F.4th at 1093. The issue here is thus when the amount in controversy can be ascertained, and what must be "unequivocally clear and certain" is the basis for removal. The Court does not read

---

[7] Defendant relies on *Picasso v. Ford Motor Co.*, 2025 WL 1722085, *2 (C.D. Cal. 2025) to argue the difficulty defendants face in navigating the amount in controversy where, there, the court found that Defendant had not met its burden to demonstrate the actual damages placed in controversy because Defendant did not, among other things, provide an estimate of the finance charges Plaintiff had paid thus far. However, there, Defendant was relying on a relatively high estimated finance charge to calculate the amount in controversy and therefore included finance charges that had yet to accrue in order to reach an amount over $75,000. *Id*. Here, Defendant could have included the entire amount of the finance charge, or some portion of it, or none of it, and still would have needed to have relied on the civil penalties and/or attorney's fees to establish the amount in controversy.

*Dietrich* to require that the precise dollar figure of the actual damages here be "unequivocally clear and certain."[8]  A reasonable calculation of actual damages here was unequivocally clear and certain with the June 16, 2025, disclosures.  Accordingly, the Court respectfully declines to adopt the reasoning advocated by Defendant that actual damages needed to first be calculated with precision here, and therefore the Court agrees with Plaintiff that Defendant's removal was untimely.

### C. The Court Declines to Award Plaintiff Attorney's Fees

Plaintiff requests the Court to award costs and attorney's fees in the amount of $2,790.00.  For the following reasons, the Court denies Plaintiff's request.

"Absent unusual circumstances, courts may award attorney's fees under [28 U.S.C.] § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005); *see also Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008) ("[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted.").

Plaintiff claims that removal was objectively unreasonable because Defendant's argument that it timely removed is "clearly foreclosed" by caselaw.  Mot. at 10 (quoting *Lussier*, 518 F.3d at 1066).  However, the Court disagrees and finds that Defendant outlined a reasonable basis for its positions in its brief.  Therefore, the Court declines to award the costs and attorney's fees requested by Plaintiff.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is GRANTED.  The case is remanded to the Los Angeles County Superior Court, No.

---

[8] There may be cases where the precise dollar figure of actual damages does matter because of how the $75,000 threshold (or $50,000 under the MMWA) is to be calculated, and therefore, the Court generally agrees with Defendant that a reasonable calculation of actual damages, including all statutory offsets, is necessary before turning to civil penalties.  However, here, whether a few thousand dollars are added for finance charges does not materially impact the calculation.

25STCV07215.  The Court directs the Clerk of the Court to close the case.  All hearings and deadlines in this matter are vacated.

**IT IS SO ORDERED.**